## 35016. SMITH v. BALKCOM.

UNDERCOFLER, Presiding Justice.

This appeal is from the denial of a petition labeled mandamus in which appellant, an inmate of Georgia State Prison, seeks the return of certain property

allegedly taken from him during a 1977 prison riot, or monetary damages in the sum of $70. The property was stored in a secured warehouse and returned to the inmates about three months later. Appellant claims he has not received his property. There is an adequate remedy at law and mandamus is not available.

Appellant prosecuted the claim in negligence and the trial court treated it as such. After hearing, the trial court as trier of fact found appellant failed to prove the defendant warden was negligent in the storage of the property. We agree. During the riot inmates were setting fires, creating a "general ruckus," throwing and breaking property including television sets. The warden ordered each inmate to strip his cell of everything but one blanket and bundle his belongings in a sheet or box with a label. The bundles were taken to and stored in a block warehouse with steel mesh over the windows. Thereafter it was discovered the steel mesh on one window was torn away but it could not be determined that the building had been entered and property taken. Valuable personal items, such as watches, lying in the warehouse in plain view were not disturbed. The warehouse was locked and no inmate was allowed in the warehouse unless accompanied by a prison official. Counselors searched the inmates' belongings for contraband, returned the property to the inmates, and directed that they dispose of or mail home property which was not authorized. Appellant claims a fan was not returned to him, however, fans were seized as contraband, although some appear to have been returned later.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED JUNE 15, 1979 — DECIDED JULY 2, 1979.

William F. Smith, *pro se.*

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.